IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RONNIE DOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:10-cv-00841-NKL |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Plaintiff Ronnie Doss's ("Doss") Social Security Complaint [Doc. # 1]. Doss seeks judicial review of the Social Security Commissioner's ("Commissioner") denial of her request for disability insurance benefits under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401, *et seq.*, §§ 1381, *et seq.* The Administrative Law Judge ("ALJ") found that Doss was not entitled to benefits and such determination became the final decision of the Commissioner when the Appeals Council of the Social Security Administration ("Appeals Council") denied Doss's request for review. Doss has exhausted his administrative remedies, and jurisdiction is conferred on this Court pursuant to 42 U.S.C. § 405(g). Because the Court finds that the ALJ's decision contains a material inaccuracy, the Court remands this case so that the ALJ's decision can be corrected and reconsidered.

I.  **Background**

1

A. **Factual and Procedural History**[1]

Doss, who did not complete high school and does not have a GED, has most recently been employed as an auto parts manager. [Tr. 12, 14]. He was also self-employed in a business that sold used auto parts. Doss filed an application for disability insurance benefits on November 15, 2006, claiming he became disabled on August 31, 2006 [Tr. 109] due to "COPD." [Tr. 114]. On June 29, 2009, following an evidentiary hearing, the ALJ issued a written decision finding that Doss was not disabled from August 31, 2006 through the date of the ALJ's decision. [Tr. 48]. After the Appeals Council denied Doss's request for additional administrative review of the ALJ's decision, Doss sought review by the Court.

Doss, age 59 as of the date of the hearing, is about 5' 9" tall and weighs about 126 pounds. [Tr. 11]. Doss testified that he had lost 16 pounds since his alleged disability onset date because eating "any amount at one time" makes it more difficult for him to breathe. [Tr. 11-12]. Doss testified that at his previous job, he was responsible for supervising three to five employees, complete daily paperwork, make bank deposits, and order auto parts.

At the hearing, the vocational expert ("VE") testified and Doss's attorney stipulated that Doss's previous job is characterized as "auto parts manager" under the DOT. The position of "parts manager" is listed in the DOT as light with an SVP of 7,

---

[1] The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Portions of the parties' briefs are adopted without quotation designated.

which is a skilled position. Doss's self-employed position would also be considered light with an SVP of 5. The VE further testified that some of the skills Doss acquired as an auto parts manager included using a computer, handling money, supervising others, handling bank deposits, and using hand and power tools. [Tr. 31].

### B. The ALJ's Decision

To establish his entitlement to benefits, Doss must show that he was unable to engage in any substantial gainful activity by reason of a medically determinable impairment or combination of impairments which could be expected to end in death or to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d) (2006). For the purposes of the Act, Doss was not under a "disability" unless his impairment was so severe that he was unable to do his previous work or–any other kind of substantial gainful work which existed in the national economy. *Id.* The ALJ found that Doss did not meet this burden at any time prior to June 10, 2009.

The ALJ found that Doss had some severe impairments: chronic obstructive pulmonary disease, with continuing tobacco abuse, and mild bilateral peripheral neuropathy of the upper extremities. [Tr. 43]. *See* 20 C.F.R. §§ 404.1520(c) and 416.920(c). The ALJ found that Doss's benign prostatic hyperplasia (BPH) with obstructive uropathy was nonsevere. *See* 20 C.F.R. §§ 404.1521 and 416.921. The ALJ further found that Doss

> has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he may never climb ladders, ropes, or scaffolds, only occasionally climb ramp and stairs, balance, stoop, kneel, crouch or crawl, and may frequently handle, finger

and feel. [Doss] may not be exposed to extremes of temperature or humidity or to pulmonary irritants.

[Tr. 44]. Although the ALJ found that Doss could not perform past relevant work, she did find that considering Doss's age, education, work experience, and RFC, Doss could perform jobs such as bench worker in the optical field, money counter, file clerk tester of semiconductor wafers, check cashing, and procurement officer, which exist in "significant" numbers in the national economy. [Tr. 47-48].

Doss raises only one argument on appeal. He asserts that the ALJ's decision is not supported by substantial evidence because the ALJ in her decision said that she asked the vocational expert ("VE") if any vocation adjustments were necessary to perform the jobs identified by the VE, yet the record clearly shows that no such question was ever asked.

## II. Discussion

In reviewing the Commissioner's denial of benefits, this Court considers whether the ALJ's decision is supported by substantial evidence on the record as a whole. *See Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion." *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007). The Court will uphold the denial of benefits so long as the ALJ's decision falls within the available "zone of choice." *See Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). "An ALJ's decision is not outside the 'zone of choice' simply because [the Court] might have reached a different conclusion had [it] been the initial finder of fact." *Id.* (quoting *Nicola*, 480 F.3d at 886).

Doss urges the Court to remand his case and that a different ALJ be assigned to adjudicate it because he contends that the ALJ misrepresented the testimony of the VE. [Doc. # 10, at 17]. Doss alternatively asks that the Court reverse the ALJ's decision and award benefits. Because the VE did not testify as to whether vocation adjustments were necessary for Doss to perform the jobs suggested by the VE, Doss argues that the ALJ failed to show that Doss can perform "other work" that exists in significant numbers in the national economy, given his RFC, age, education, and work experience.

On the date of the hearing and the date of the ALJ's decision, Doss was age 59. Because the ALJ had found that Doss's severe impairments limited him to no more than light work, the ALJ was required to apply 20 C.F.R. §§ 404.1568(d)(1)-(3) and 416.968(d)(1)-(3). *See* 20 C.F.R. §§ 404.1568(d)(4) and 416.968(d)(4). These regulations outline that the ALJ consider whether the activities of Doss's past skilled or semi-skilled work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs. None of these regulations require that the ALJ determine that there be "very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry." Such a determination is required only for claimants who are of advanced age and limited to sedentary work, or who are age 60 or over and are limited to light work. 20 C.F.R. § 404.1568(d)(4). Doss did not fall in either of these categories.

Doss does not contend that the ALJ failed to apply the appropriate analysis under 20 C.F.R. §§ 404.1568(d)(4) and 416.968(d)(4). Thus, the ALJ's finding that Doss's previous work skills are transferable, is not at issue. Doss's sole argument centers around the ALJ's additional statement in her decision that she asked the VE "if any occupations

5

exist . . . which utilize skills acquired in the claimant's past relevant work and would require minimal vocational adjustment in terms of work processes." [Tr. 47]. The Court has reviewed the hearing transcript and concludes that the ALJ did not ask the VE about whether only "minimal vocational adjustments" were necessary, nor did the VE testify regarding the degree of vocational adjustments required.

The Court emphasizes that the regulations did not require the ALJ to determine whether only minimal vocational adjustments would be necessary for Doss to perform other jobs. Indeed, on the date of the hearing, Doss's 60th birthday was nearly eight months away, and over five months away from the date of the ALJ's written decision. Doss was not merely a "few days to a few months" of reaching an older age category. *See* 20 C.F.R. § 404.1563(b) (the ALJ may consider using an older age category only "[i]f [the claimant is] within a few days to a few months of reaching an older age category"). However, while the Court finds that substantial evidence supports the ALJ's conclusion that Doss is not disabled, it shares Doss's concern that the ALJ's finding regarding the degree of requisite vocational adjustments for other jobs that Doss can perform may bear on any future application by Doss for benefits after age 60. Thus, the ALJ's statement is not a harmless deficiency in opinion writing. Because there is not substantial evidence to support the ALJ's statement that the jobs identified by the VE required minimal vocation adjustment, the matter is remanded for correction of the record and reconsideration of the ALJ's conclusion in light of that correction.

The Court leaves to the discretion of the Commissioner whether a different ALJ shall reconsider the case upon remand.

### III. Conclusion

Accordingly, it is hereby ORDERED that this case is reversed and remanded to the ALJ for the purpose of correction of the record and reconsideration of the ALJ's conclusion in light of that correction.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: June 13, 2011  
Kansas City, Missouri