IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RONNIE DOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:10-cv-00841-NKL |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Upon judicial review of Plaintiff Ronnie Doss's ("Doss") Social Security Complaint [Doc. # 1], the Court had previously determined that the ALJ's decision contained a material inaccuracy, and reversed and remanded the case so that the ALJ's decision can be corrected and reconsidered. [Doc. # 13]. Now pending before the Court is Doss's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [Doc. # 15]. For the following reasons, the Application is GRANTED in part and DENIED in part.

Under the Equal Access to Justice Act (EAJA),

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

1

The Commissioner opposes Doss's application, arguing that the position he took in countering Doss's Complaint was substantially justified. True, the Court concluded that the ALJ's finding that Doss was not disabled was supported by substantial evidence, and that the ALJ had correctly applied regulations concerning claimants who are of advanced age and limited to not more than light work, such as Doss. However, the Court reversed and remanded the case because the ALJ stated in her decision that she had asked the vocational expert ("VE") if any vocation adjustments were necessary to perform the jobs identified by the VE, yet the record clearly shows that no such question was ever asked. Such a statement may bear on any future application by Doss for benefits after age 60. Thus, the Court found that the ALJ's statement was not a harmless deficiency in opinion writing, contrary to the position taken by the Commissioner in response to Doss's Complaint. [Doc. # 11, at 12-13]. The ALJ's statement was neither inadvertent nor inconsequential. Therefore, the Court does not find that there is a "reasonable basis in law and fact" for this position taken by the Commissioner. *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). The award of EAJA fees in this matter is warranted.

Next, the Commissioner suggests that the amount of fees requested are unreasonable given the circumstances of this case, and requests that the Court reduce Doss's request for $7,373.89 in attorney fees to $5,254.45. According to the Commissioner, taking 24 hours for "research for writing of Plaintiff's Brief" is excessive, given that Doss's attorney is an expert in Social Security law and because the sole issue presented in Doss's Social Security Brief was one of statutory construction. In response

to the Commissioner's argument, Doss has suggested to the Court that a fee of $6,500.00, plus filing fee expenses would be appropriate, but did not specifically explain why taking 24 hours for "research for writing Plaintiff's Brief" was reasonable. [Doc. # 17].

The amount of an award made under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), is determined by the specific facts of the case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The Supreme Court has identified twelve factors to consider in determining the reasonableness of a fee, *Hensley*, 461 U.S. at 430 n.3, and these factors are relevant to determining an award in Social Security cases. *See Roak v. Barnhart*, 221 F. Supp. 2d 1020, 1023 (W.D. Mo. 2002) (citing five court of appeals decisions from different circuits applying these factors). These factors include the novelty and difficulty of the questions involved, the customary fee, whether the fee is fixed or contingent, the amount involved and the results obtained, and awards in similar cases. *Id.* The burden of establishing the reasonableness of a fee request rests with the applicant. *S.E.C. v. Zahareas*, 374 F.3d 624, 630-31 (8th Cir. 2004).

Here, Doss has failed to explain to the Court why taking 24 hours for "research" was reasonable. Moreover, given that Doss has represented to the Court that a lower figure will appropriately compensate Doss's attorney for his services rendered in this action, the Court finds his initial request of $7,373.89 to be excessive. Because Doss has failed to meet his burden of establishing either that $7,373.89 or $6,500.00 is a reasonable fee request in light of the *Hensley* factors and the Commissioner's argument, the Court

3

adopts the Commissioner's proposed figure for an award of fees and expenses under the Equal Access to Justice Act of $5,254.45.

## III. Conclusion

Accordingly, it is hereby ORDERED that Doss's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act [Doc. #15] is GRANTED in part and DENIED in part. The Court awards EAJA fees in the amount of $5254.45, to be paid by the Social Security Administration, payable to Doss and filing fee costs in the amount of $350.00, from the Judgment Fund. The Commissioner will verify whether Plaintiff owes a debt to the United States that is subject to offset. If there is no debt owed by Doss, the EAJA fee will be made payable to Doss's attorney.

  S/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: August 2, 2011
Kansas City, Missouri